UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **KENNETH FOLAND**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ICON MANAGEMENT SERVICES, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:20-cv-315<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KENNETH FOLAND** ("**FOLAND**"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

### PARTIES

2. The Plaintiff, **KENNETH FOLAND** ("**FOLAND**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by **ICON MANAGEMENT SERVICES, INC.** ("**ICON**" or "Defendant") at The Colony Golf & County Club, Inc. in Bonita Springs, Florida.

3. Defendant, **ICON** is a Florida corporation that employed **FOLAND** in Lee County, Florida.

4. **ICON** employs in excess of 50 employees and is an employer under the FMLA.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **FOLAND** began his employment with the Defendant in or about October 2016 as a maintenance engineer.

8. **FOLAND** was employed by the Defendant on a full-time basis and at the time he requested and took FMLA leave, he was paid $20.00 per hour.

9. **FOLAND** received good performance reviews from the Defendant's managers.

10. **FOLAND** always performed his assigned duties in a professional manner and was very well qualified for his position despite his serious health condition, Crohn's disease, which is an impairment of the gastro-intestinal system.

11. On or about early July, 2019, **FOLAND** disclosed his serious health condition to the Defendant and informed the Defendant that his anticipated FMLA leave would begin in July, 2019.

12. **FOLAND** completed all FMLA paperwork and returned the same to the Defendant, which approved his FMLA leave.

13. **FOLAND**'s FMLA leave lasted 67 working days.

14. Then unbeknownst to **FOLAND**, the Defendant permanently replaced him shortly after he began his FMLA leave, which he discovered when he returned to work from FMLA leave.

15. Also unbeknownst to **FOLAND** was the fact that the rate of pay for his former position was raised to $28.95 per hour.

16. However, the Defendant refused to reinstate **FOLAND** to his former position (that now paid $28.95 per hour) and instead assigned **FOLAND** to a lesser position that earned only $20.00 per hour.

17. The Defendant demoted **FOLAND** as a result of his request for FMLA leave and his taking of the same, which stemmed from his serious health condition, and which violated the Defendant's own policy.

18. The Defendant's tangible, adverse employment actions were causally connected to **FOLAND**'s need for FMLA leave and request for reinstatement.

19. **FOLAND** has repeatedly demanded reinstatement to his former position but the Defendant has consistently refused, specifically citing its concerns regarding **FOLAND**'s health and his prior leave and the possible need for leave in the future.

20. The Defendant intentionally and systematically discriminated against **FOLAND** by using his serious health condition, his need for FMLA leave and request for reinstatement as the substantial or motivating factors in the Defendant's decision not to reinstate **FOLAND** to his former position.

21. The Defendant took adverse employment action against **FOLAND** as a direct result of his request and need for FMLA leave.

22. The Defendant's refusal to reinstate **FOLAND** to his prior position violated **FOLAND**'s rights under the FMLA.

## **COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE**

23. The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this Count by reference as though fully set forth below.

24. **FOLAND** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

25. **FOLAND** informed the Defendant of his likely need for leave for his own serious health condition.

26. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

27. If the Defendant were to have decided that **FOLAND**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

28. The Defendant has never provided **FOLAND** with any notice disqualifying his FMLA leave.

29. In fact, the Defendant determined that **FOLAND** was eligible for leave under the FMLA and yet refused to allow him to return to his former position, thus taking adverse action against him because of his request for federally protected medical leave.

4

30. **FOLAND** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, consistently informing the Defendant of the same.

31. The Defendant knew, or should have known, that **FOLAND** was exercising his rights under the FMLA and was aware of **FOLAND**'s need for FMLA-protected absence.

32. **FOLAND** complied with all of the notice and due diligence requirements of the FMLA.

33. The Defendant was obligated, but failed, to allow **FOLAND** to take FMLA leave and to return **FOLAND**, an employee who requested and took FMLA leave, to his former position when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

34. A causal connection exists between **FOLAND**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **FOLAND** a benefit to which he was entitled under the FMLA.

35. As a result of the above-described violations of FMLA, **FOLAND** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

36. The Plaintiff hereby incorporates by reference Paragraphs 1-22 and 24-35 in this Count by reference as though fully set forth below.

37. **FOLAND** informed the Defendant of his likely need for leave for his own serious health condition.

38. **FOLAND** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, consistently informing the Defendant of the same.

39. The Defendant knew, or should have known, that **FOLAND** was exercising his rights under the FMLA and was aware of **FOLAND**'s need for FMLA-protected absence.

40. A causal connection exists between **FOLAND**'s request for FMLA-protected leave and reinstatement and his termination from employment with the Defendant because **FOLAND** engaged in statutorily protected activity under the FMLA.

41. The Defendant retaliated by altering the terms and conditions of **FOLAND**'s employment by refusing to return him to work, thereby terminating **FOLAND**'s employment because he engaged in the statutorily protected activity of requesting and FMLA leave, and demanding reinstatement. The Defendant refused to return **FOLAND** to work because **FOLAND** requested and took FMLA leave, and demanded reinstatement, and terminated him because he engaged in this statutorily protected activity.

42. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by refusing to reinstate **FOLAND** to his former position because he engaged in activity protected by the FMLA.

43. As a result of the above-described violations of FMLA, **FOLAND** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other

compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KENNETH FOLAND**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 30, 2020

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com